UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-02272-FWS-DFM                               Date: May 28, 2024

Title: Aleksander Mackovski v. Costco Wholesale Corporation *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                               Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]**

Before the court is Plaintiff Aleksander Mackovski's ("Plaintiff") Motion to Remand ("Motion" or "Mot").[1] (Dkt. 9.) Defendant Costco Wholesale Corporation ("Defendant Costco") opposes the Motion ("Opposition" or "Opp."). (Dkt. 13.) Plaintiff also filed a Reply ("Reply") and Evidentiary Objections. (Dkts. 14, 15.) The court found this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

I.   Background

On November 3, 2023, Plaintiff filed suit in Orange County Superior Court alleging claims for premises liability and negligence against Defendants "Costco Wholesale," "Costco

---

[1] Plaintiff also filed an "Application for Leave to File First Amended Complaint at a Later Time" ("Application") on December 28, 2023, requesting leave to amend the Complaint on an unspecified future date once Plaintiff learns the correct name of Defendant Doug Doe. (Dkt. 10.) Because the court concludes that it lacks subject matter jurisdiction over this matter, the court does not address the Application.

**CIVIL MINUTES – GENERAL**                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-02272-FWS-DFM                           Date: May 28, 2024

Title: Aleksander Mackovski v. Costco Wholesale Corporation *et al.*

Wholesale Corporation," "Irvine Community Development Company LLC," "the Irvine Land Company LLC," TILC Holdings LLC, "TIC Investment Company, LLC," and "Doug Doe" (collectively, "Defendants"). (*See* Dkt. 1-1 ("Compl.").) On October 13, 2023, at the initial case management conference in state court, the parties stipulated that there is only one Costco entity involved in this suit, Costco Wholesale Corporation. (Dkt. 13-1 ¶ 6.)

In the Complaint, Plaintiff alleges he slipped and fell on an unknown liquid substance and/or debris at a Costco warehouse in Tustin, California on November 7, 2020. (Compl. at 4-5.) Plaintiff alleges that Defendants breached their duty or duties to Plaintiff by negligently owning, operating, maintaining, or controlling the Costco warehouse and by failing to address, alleviate, remove, and remedy the dangerous condition. (*Id.*) As a result, Plaintiff alleges he suffered "severe injuries for which he received reasonable and necessary medical care and treatment" and requests damages exceeding $25,000. (*Id.* at 3-5.)

On December 1, 2023, Defendant Costco removed pursuant to 28 U.S.C. § 1332. (*See* Dkt. 1.) In the Notice of Removal, Defendant Costco alleges that the court has diversity jurisdiction over this suit because Plaintiff is domiciled in California, Defendant Costco is a Washington corporation with its principal place of business in Washington, Plaintiff requests damages exceeding $75,000, and the citizenship of the remaining defendants should be disregarded pursuant to the doctrine of fraudulent joinder. (*Id.* ¶¶ 5-7.)

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Diversity jurisdiction requires both complete diversity between the parties and an amount in controversy greater than $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-02272-FWS-DFM                                     Date: May 28, 2024
Title: Aleksander Mackovski v. Costco Wholesale Corporation *et al.*

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Removal statutes are 'strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (quoting *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)). "A defendant seeking removal has the burden of establishing that removal is proper." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted). A defendant's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," the defendant's "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014).

### III.    Discussion

In the Motion, Plaintiff argues that this matter should be remanded because both Plaintiff and Defendant Doug Doe, an alleged agent or employee of Defendant Costco, are citizens of California and thus are not completely diverse as required by 28 U.S.C. § 1332. (Mot. at 6-7.) Defendant Costco argues that Defendant Doe is a "sham" defendant whose citizenship should be disregarded pursuant to the doctrine of fraudulent joinder. (Opp. at 6-9.) Because the parties otherwise agree that the requirements for diversity jurisdiction are met, the court's subject matter jurisdiction depends upon whether Defendant Doe was fraudulently joined.[2]

---

[2] In a single sentence, Plaintiff argues that "the sole basis of Defendant's claim that the amount in controversy exceeds $75,000.00 is . . . Plaintiff's statement of damages, which has no basis to be the determining factor of the amount in controversy." (Mot. at 4; *see also* Dkt. 13-4 at 1.) The court notes that although "a statement of damages is not binding, it is relevant to the issue of the amount in controversy" and "can be 'strong evidence' of the amount in controversy—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-02272-FWS-DFM                    Date: May 28, 2024
Title: Aleksander Mackovski v. Costco Wholesale Corporation *et al.*

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). However, courts apply both a "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). Accordingly, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden'" of proving fraudulent joinder by "clear and convincing evidence." *Grancare*, 889 F.3d at 548; *see also Hamilton Materials*, 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence.") (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

Fraudulent joinder may be established through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

In this case, Plaintiff alleges that Defendant Doe is liable for Plaintiff's injuries pursuant to theories of negligence and premises liability. (Compl. at 3-5.) Under California law, "[t]he

---

evidence that is adequate to meet defendant's burden, depending on the circumstances." *Brovold v. Safeway Inc.*, 2020 WL 6566164, at *2 (W.D. Wash. Oct. 14, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 6561418 (W.D. Wash. Nov. 9, 2020). However, because Plaintiff does not meaningfully dispute the amount in controversy and the amount in controversy is not relevant to the fraudulent joinder analysis, the court does further address the import of Plaintiff's statement of damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-02272-FWS-DFM                                   Date: May 28, 2024
Title: Aleksander Mackovski v. Costco Wholesale Corporation *et al.*

elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1158 (2016) (citations omitted). "Premises liability is grounded in the possession of the premises and the attendant right to control and manage the premises; accordingly, mere possession with its attendant right to control conditions on the premises is a sufficient basis for the imposition of an affirmative duty to act." *Id.* (internal quotation marks and citation omitted). "[C]ontrol is defined as the power to prevent, remedy or guard against the dangerous condition." *Colonial Van & Storage, Inc. v. Superior Ct.*, 76 Cal. App. 5th 487, 497 (2022) (internal quotations and citations omitted). The defendant must have actual or constructive knowledge of the dangerous condition. *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1206 (2001).

      Defendant Costco argues that Defendant Doe was fraudulently joined because Plaintiff has failed to establish a specific cause of action against Defendant Doe or allege any facts suggesting Defendant Doe was involved in the slip-and-fall incident. (Opp. at 8-9.) In addition, Defendant Costco points to Plaintiff's failure to serve Defendant Doe,[3] Plaintiff's interrogatory responses identifying Defendant Doe as a "witness," and the facts contained in the declaration of defense counsel as demonstrating fraudulent joinder. (*Id.* at 2-3, 6-9; Dkt. 13-1 ¶ 16; Dkt. 13-3 at 27-28.)

      The court finds that neither Defendant Costco's arguments nor evidence sufficiently demonstrates that Defendant Doe was fraudulently joined. Although the Complaint contains limited allegations regarding Defendant Doe's involvement in the slip and fall incident, Defendant Costco's arguments that the Complaint *currently* fails to allege a premises liability or negligence claim against Defendant Doe is insufficient to discharge its burden. *See Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."); *Cervantes v. Wells Fargo Bank, N.A.*, 2015 WL 2127215, at *3 (C.D. Cal. May 6, 2015) ("A defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to

---

[3] Plaintiff asserts that he served Defendant Doe on July 7, 2023, at the Costco warehouse where the slip and fall incident occurred and provided proof of service to that effect. (Mot. at 7; Dkt. 9-1 ¶ 6 & Exh. 4.)

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-02272-FWS-DFM                                      Date: May 28, 2024

Title: Aleksander Mackovski v. Costco Wholesale Corporation *et al.*

___

state a claim against the non-diverse defendant.") (internal quotation marks and citation omitted).

"The standard is not whether [Plaintiff] will actually or even probably prevail on the merits, but whether there is a *possibility* that [he] may do so." *Hill v. Airgas USA, LLC*, 2023 WL 9005648, at *2 (C.D. Cal. Nov. 3, 2023) ( (citation omitted).  Thus, even assuming *arguendo* that Plaintiff failed to allege a premises liability or negligence claim against Defendant Doe in the Complaint, Defendant Costco must also show that Plaintiff "would not be afforded leave to amend his complaint to cure the purported deficiency." *Menchaca v. Howmet Aerospace, Inc.*, 2023 WL 2504995, at *4 (C.D. Cal. Mar. 14, 2023) (alteration omitted) (*Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011)).  Any "doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." *Id.* (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)).

Here, Defendant Costco's evidence does not definitively foreclose Plaintiff's premises liability and negligence claims against Defendant Doe.  To the contrary, district courts in the Ninth Circuit "have specifically allowed a plaintiff to bring . . . premises liability claims against store managers in situations similar to the instant [a]ction." *See, e.g.*, *Berryhill*, 2023 WL 3302869, at *2 (cleaned up) (collecting cases); *Nieves v. Costco Wholesale Corp.*, 2022 WL 5199904, at *2 (N.D. Cal. Oct. 5, 2022) (rejecting fraudulent joinder argument and remanding slip-and-fall premises liability suit against Costco store manager who was not present in the store on the day of the alleged injury); *Harris v. Walmart, Inc.*, 2022 WL 2132588, at *3 (C.D. Cal. June 6, 2022) (rejecting fraudulent joinder argument and remanding although plaintiff's form complaint did not allege any action or inaction by Costco store manager); *Thomas v. WalMart Stores, Inc.*, 2018 WL 3046967, at *4 (C.D. Cal. June 19, 2018) (rejecting fraudulent joinder argument and remanding slip-and-fall premises liability suit against WalMart store manager).

For example, defense counsel's assertion that "Costco employed an individual named 'Doug' at the time of the incident" but "it has been determined that Doug Doe was not involved in the incident" and "was not Costco's Warehouse Manager at the time of the incident," (Dkt. 13-1 ¶ 6), is insufficient to demonstrate fraudulent joinder.  As a preliminary matter, defense

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-02272-FWS-DFMDate: May 28, 2024
Title: Aleksander Mackovski v. Costco Wholesale Corporation *et al.*

counsel has failed to provide sufficient foundation or demonstrate personal knowledge of the facts underlying these assertions.[4] *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) ("In general, an attorney does not have personal knowledge . . . of a document produced by his client or created prior to litigation."). Moreover, even if the court were to consider defense counsel's declaration, the Ninth Circuit has rejected comparable declarations contesting the truth of a complaint's allegations as insufficient to demonstrate fraudulent joinder. *See, e.g.*, *Grancare*, 889 F.3d at 548 ("[Defendant] submitted a declaration from Rhodes in which she denied the allegations and emphasized that her role is largely administrative. But a denial, even a sworn denial, of allegations does not prove their falsity . . . ."); *Berryhill*, 2023 WL 3302869, at *2 ("[A] self-serving declaration written by [defense counsel] hardly qualifies as the 'extraordinarily strong evidence' required to prove fraudulent joinder.") (citation omitted).

Similarly, Defendant Costco's citation to Plaintiff's interrogatory responses allegedly demonstrating that Defendant Doe is only as a witness in this matter does not adequately demonstrate fraudulent joinder. In response to interrogatories asking who "witnessed the incident or the events occurring immediately before or after," "made" or "heard any statement at the scene of the incident," or "has knowledge of the incident," Plaintiff listed "Costco Employee Witness, Doug Doe." (Dkt. 13-1 at 27-28.) Defendant Costco fails to demonstrate how Plaintiff's passing reference to Defendant Doe as a witness to the slip-and-fall incident establishes by clear and convincing evidence that Defendant Doe could not be liable to Plaintiff and thus was fraudulently joined. (*See generally* Opp.)

In sum, based on Defendant Costco's arguments and evidence, the court concludes that it is possible that California law "might impose liability" on Defendant Doe "under the circumstances alleged in the complaint." *Hunter*, 582 F.3d at 1044 (emphasis added). As a result, the court concludes Defendant Costco has not met its burden of showing that Defendant

---

[4] For the same reasons, the court **SUSTAINS** Plaintiff's evidentiary objections to paragraph six of defense counsel's declaration under Federal Rule of Evidence 602. (Dkt. 15 at 2.) The court **OVERRULES** Plaintiff's objection to paragraph seventeen. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

J S - 6

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-02272-FWS-DFM                                   Date: May 28, 2024
Title: Aleksander Mackovski v. Costco Wholesale Corporation *et al.*

Doe was fraudulently joined such that his citizenship should be disregarded for purposes of establishing diversity jurisdiction. *See* 28 U.S.C. § 1332 (diversity jurisdiction requires that the suit is between citizens of different states and the amount in controversy exceeds $75,000). Because the court finds that Defendant Doe is not a sham defendant, the court further concludes that complete diversity jurisdiction is lacking between each of the named parties. *See Caterpillar Inc.*, 519 U.S. at 68 (stating diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). Absent complete diversity jurisdiction, the court lacks subject matter jurisdiction over this matter and remand to state court is appropriate. Therefore, the Motion is **GRANTED**.

### IV.     Disposition

For the reasons set forth above, the Motion is **GRANTED**. The court **REMANDS** this action to Orange County Superior Court. The Clerk of Court is respectfully directed to **CLOSE** this matter.

**IT IS SO ORDERED.**